UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY HOBSON,

        Petitioner,

        v.

JERRY HOWELL, *et al.*,

        Respondents.

Case No. 2:20-cv-00503-KJD-NJK

**ORDER**

## I.    SUMMARY

This action is a petition for a writ of habeas corpus by Tony Hobson, an individual incarcerated at the Southern Desert Correctional Center, in Las Vegas, Nevada. Hobson is represented by appointed counsel. Respondents have filed a motion to dismiss. The parties have fully briefed the motion to dismiss, as well as a related motion by Hobson for leave to conduct discovery. The Court will grant Respondents' motion to dismiss in part and deny it in part and will require Hobson to make an election regarding one of his claims. The Court will deny Hobson's motion for leave to conduct discovery.

## II.    BACKGROUND

Hobson was convicted, following a jury trial, in Nevada's Eighth Judicial District Court (Clark County), of 12 counts of burglary with use of a deadly weapon, 35 counts of robbery with use of a deadly weapon, 13 counts of conspiracy to commit robbery, two counts of attempted robbery, one count of false imprisonment with use of a deadly weapon, two counts of kidnapping with use of a deadly weapon, five counts of false imprisonment, and one count of attempted robbery with use of a deadly weapon. *See* Judgment of Conviction, Exh. 2 (ECF No. 13-2); Order Affirming in Part and Reversing in Part, Exh. 7, p. 1 (ECF No. 13-7, p. 2). The convictions resulted from a series of

1  robberies of fast-food restaurants between October 28 and November 24, 2014. *See*
2  Order Affirming in Part and Reversing in Part, Exh. 7, p. 1 (ECF No. 13-7, p. 2).

3       Hobson appealed. *See* Appellant's Opening Brief, Exh. 4 (ECF No. 13-4);
4  Appellant's Reply Brief, Exh. 6 (ECF No. 13-6). The Nevada Supreme Court affirmed in
5  part and reversed in part on October 9, 2017; the court reversed Hobson's convictions
6  on three of the robbery counts (Counts 25, 39 and 66). *See id.*, pp. 2–11 (ECF No. 13-7,
7  pp. 3–12).

8       On November 13, 2018, Hobson filed a pro se petition for writ of habeas corpus
9  in the state district court, and then, on March 1, 2019, he filed a first amended petition.
10 Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 9 (ECF No. 13-9); First
11 Amended Petition for Writ of Habeas Corpus, Exh. 13 (ECF No. 13-13). The state
12 district court denied Hobson's petition in a written order filed March 21, 2019. Findings
13 of Fact, Conclusions of Law and Order, Exh. 14 (ECF No. 13-14, pp. 3–31). Hobson
14 appealed. *See* Appellant's Informal Brief, Exh. 15 (ECF No. 13-15). The Nevada
15 Supreme Court affirmed the denial of Hobson's petition on January 24, 2020. Order of
16 Affirmance, Exh. 16 (ECF No. 13-16).

17      This Court received from Hobson a pro se petition for writ of habeas corpus (ECF
18 No. 7), initiating this action, on March 11, 2020. The Court granted Hobson's motion for
19 appointment of counsel and appointed counsel to represent him. Order entered
20 May 22, 2020 (ECF No. 6). With counsel, Hobson filed a first amended petition for writ
21 of habeas corpus on October 1, 2020 (ECF No. 12). He filed a second amended petition
22 on December 4, 2020 (ECF No. 16), and a third amended petition on April 2, 2021 (ECF
23 No. 22). Hobson's third amended habeas petition, now his operative petition, includes
24 the following claims:

25       Ground 1: Hobson's federal constitutional rights were violated because
26       "[t]he police provided material false testimony about how they broke the
         case."

2

Ground 2: Hobson's federal constitutional rights were violated because of ineffective assistance of his trial counsel.

> Ground 2A: Counsel "failed to pursue discovery regarding the police investigation."
>
> Ground 2B: Counsel "failed to exclude the police crime lab's original DNA report."
>
> Ground 2C: Counsel "failed to present evidence the phones found in Ms. Rankin's apartment weren't stolen."
>
> Ground 2D: Counsel "failed to call Detective Flynn regarding the receipts supposedly found at Ms. Rankin's apartment."
>
> Ground 2E: Counsel "omitted a winning argument from the pre-trial petition for a writ of habeas corpus."
>
> Ground 2F: Counsel "failed to request a complete instruction on accomplice testimony."

Ground 3: Hobson's federal constitutional rights were violated because "[t]he State and/or Mr. Johns's attorney committed misconduct in connection with Mr. Johns's testimony."

Ground 4: Hobson's federal constitutional rights were violated because "[t]he State presented insufficient evidence to convict Mr. Hobson of kidnapping or its lesser included offenses."

Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 24–39.

Respondents filed their motion to dismiss on May 11, 2021 (ECF No. 24), contending Grounds 1, 2A, 2E, 2F and 3 are unexhausted in state court. Hobson filed an opposition to the motion to dismiss (ECF No. 58) and a motion for leave to conduct discovery (ECF No. 32). The parties have fully briefed both motions. *See* Reply in Support of Motion to dismiss (ECF No. 36); Opposition to Motion for Leave to Conduct Discovery (ECF No. 35); Reply in Support of Motion for Leave to Conduct Discovery (ECF No. 37).

## III.   DISCUSSION

### A.   Exhaustion of State Court Remedies – Legal Standards

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct

1    alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To

2    exhaust a claim, a petitioner must fairly present that claim to the highest state court

3    possible and must give that court the opportunity to address and resolve it. *See Duncan*

4    *v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

5    10 (1992). The "fair presentation" requirement is satisfied when the claim has been

6    presented to the highest available state court by describing the operative facts and the

7    legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S.

8    4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S.

9    1212 (1983). To fairly present a federal constitutional claim to the state court, the

10   petitioner must alert the court to the fact that he asserts a claim under the United States

11   Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999), *cert. denied*, 529

12   U.S. 1009 (2000), citing *Duncan*, 513 U.S. at 365–66.

13       **B.    Ground 1**

14       In Ground 1, Hobson claims that his federal constitutional rights were violated

15   because "[t]he police provided material false testimony about how they broke the case."

16   Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 24–26.

17   Respondents argue that this claim is unexhausted in state court. *See* Motion to Dismiss

18   (ECF No. 24), pp. 9–10. Hobson conceded in his third amended habeas petition that he

19   did not exhaust this claim in state court (*see* Third Amended Petition for Writ of Habeas

20   Corpus (ECF No. 22), p. 24 ("Mr. Hobson hasn't fairly presented this claim in state

21   court.")); however, in response to the motion to dismiss, Hobson has changed his

22   position, and argues that the claim is exhausted. *See* Opposition to Motion to Dismiss

23   (ECF No. 31), pp. 12–13. Hobson points out that in his original and first amended

24   habeas petitions in state court he asserted a claim based on the same operative factual

25   allegations and the same legal theory. *See id.*; *see also* Petition for Writ of Habeas

26   Corpus (Post-Conviction), Exh. 9, pp. 63–65 (ECF No. 13-9, pp. 93–95); First Amended

27   Petition for Writ of Habeas Corpus, Exh. 13, pp. 63– 65 (ECF No. 13-13, pp. 93–95).

28   After the state district court denied relief, Hobson asserted the claim on appeal in his

pro se informal brief. *See* Appellant's Informal Brief, Exh. 15, p. 4 (ECF No. 13-15, p. 5)

("Please refer to petitioner's 1st amended habeas petition on each ground for … *Brady*

violations."). The Nevada Supreme Court apparently understood Hobson to assert the

claim in his brief on appeal, as that court ruled as follows in affirming the denial of the

petition:

> Hobson next raises a number of claims that should have been
> raised, if at all, on direct appeal. Specifically, he argues … that the State
> violated *Brady v. Maryland*, 373 U.S. 83 (1963) … by not producing emails
> depicting the course of the investigation…. These claims are waived
> absent a showing of good cause and actual prejudice, which he has not
> made.

Order of Affirmance, Exh. 16, p. 10 (ECF No. 13-16, p. 11).

This Court, therefore, finds that Hobson did present the claim in Ground 1 to the

Nevada Supreme Court, and that it has been exhausted in state court. The Court will

deny Respondents' motion to dismiss with respect to Ground 1. The denial of the

motion to dismiss as to Claim 1 will be without prejudice to Respondents asserting in

their answer that the claim is barred by the procedural default doctrine.

In his motion for leave to conduct discovery (ECF No. 32), Hobson requests

leave of court to conduct discovery concerning Ground 1. The discovery that Hobson

wishes to conduct goes to the merits of the claim. *See* Motion for Leave to Conduct

Discovery (ECF No. 32). In this order, though, the Court denies the motion to dismiss

relative to this claim without need for further factual development. There is no showing

of good cause for Hobson to conduct discovery regarding the motion to dismiss this

claim. The Court will deny Hobson's motion for leave to conduct discovery. Hobson

may, however, file a new motion for leave to conduct discovery, if factually and legally

justified, in conjunction with his reply to Respondents' answer, as contemplated in the

scheduling order entered July 15, 2020 (ECF No. 11).

## C.    Ground 2A

In Ground 2A, Hobson claims that his federal constitutional rights were violated

on account of ineffective assistance of his trial counsel because counsel "failed to

pursue discovery regarding the police investigation." Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 26–27. This claim is based on much the same factual allegations as the claim in Ground 1, but this is an ineffective assistance of counsel claim. Respondents argue that this claim is unexhausted in state court. *See* Motion to Dismiss (ECF No. 24), pp. 10–12. In his original and first amended habeas petitions filed in state court, Hobson asserted claims based on the same operative factual allegations and the same legal theory. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 9, pp. 37–42, 63–65 (ECF No. 13-9, pp. 67–72, 93–95); First Amended Petition for Writ of Habeas Corpus, Exh. 13, pp. 37–42, 63–65 (ECF No. 13-13, pp. 67–72, 93–95). Hobson subsequently asserted those claims on appeal. *See* Appellant's Informal Brief, Exh. 15, pp. 3–4 (ECF No. 13-15, pp. 4–5). The Court, therefore, finds that Hobson did present the claim in Ground 2A to the Nevada Supreme Court, and that it has been exhausted in state court. The Court will deny Respondents' motion to dismiss with respect to Ground 2A.

As with Ground 1, the Court will deny Hobson's motion for leave to conduct discovery regarding this claim (ECF No. 32). The Court denies the motion to dismiss relative to this claim without need for further factual development. Therefore, there is no showing of good cause for Hobson to conduct discovery regarding the motion to dismiss this claim. Hobson may file a new motion for leave to conduct discovery, if factually and legally justified, in conjunction with his reply to Respondents' answer, as contemplated in the scheduling order entered July 15, 2020 (ECF No. 11).

**D.    Ground 2E**

In Ground 2E, Hobson claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel because counsel "omitted a winning argument from the pre-trial petition for a writ of habeas corpus." Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 34–35. Specifically, Hobson claims that his counsel failed to argue that the grand jury was not properly instructed that to convict for both kidnapping and robbery, the kidnapping must not have been

merely incidental to the robbery. *See id*. Respondents argue that this claim is unexhausted in state court. *See* Motion to Dismiss (ECF No. 24), pp. 12–13. Hobson—contrary to his representation in his third amended habeas petition (*see* Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), p. 26)—concedes that he has not presented this claim in state court. *See* Opposition to Motion to Dismiss (ECF No. 31), pp. 7–11.

Hobson argues, though, that if he were to now present this claim in state court it would be barred by state procedural rules. *See id*. Under certain circumstances, it is appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). In view of the procedural history of this case, and Hobson's concession, the Court determines that this claim would be ruled procedurally barred in state court if Hobson were now to return to exhaust it. Therefore, the Court considers the claim technically exhausted but subject to application of the procedural default doctrine. *See Dickens*, 740 F.3d at 1317.

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel, or lack of post-conviction counsel, may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel.

The Court, however, determines that the question of the procedural default of this claim will be better resolved after Respondents file an answer and Hobson files a reply, and the issue of the merits of the claim is fully briefed and before the Court. *See* Opposition to Motion to Dismiss (ECF No. 31), p. 11 (Hobson suggests deferring consideration of question of procedural default of this claim until merits fully briefed); Reply in Support of Motion to Dismiss (ECF No. 36), p. 8 ("At this juncture of the case, Respondents submit that a full analysis of the *Martinez* elements would be best deferred to the briefing on the answer."). The Court will, therefore, deny Respondents' motion to dismiss with respect to this claim, without prejudice to Respondents asserting the procedural default defense to the claim in their answer.

### E.    Ground 2F

In Ground 2F, Hobson claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel because counsel "failed to request a complete instruction on accomplice testimony." Third Amended Petition for Writ of Habeas Corpus (ECF No. 22), pp. 35–36. Respondents argue that this claim is unexhausted in state court. *See* Motion to Dismiss (ECF No. 24), pp. 13–14. In his original and first amended habeas petitions filed in state court, Hobson asserted claims based on the same operative factual allegations and the same legal theory. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 9, pp. 71–73 (ECF No. 13-9, pp. 102–04); First Amended Petition for Writ of Habeas Corpus, Exh. 13, pp. 71–73 (ECF No. 13-13, pp. 102–04). Hobson subsequently asserted those claims on appeal in his

1  pro se informal brief. *See* Appellant's Informal Brief, Exh. 15, pp. 3–4 (ECF No. 13-15,

2  pp. 4–5). The Nevada Supreme Court ruled on the claim on its merits, as follows:

3           Hobson next argues that trial counsel should have challenged the
   jury instruction regarding corroborating accomplice testimony because it
4  did not instruct the jury that corroboration would be insufficient where it
   was consistent with a reasonable innocent explanation or showed only an
5  opportunity to commit a crime. Hobson has not shown prejudice because
   the record contains ample independent corroborating evidence that is
6  inconsistent with a reasonable, innocent explanation and is more
   inculpatory than establishing mere opportunity to commit a crime. *See*
7  NRS 175.291(1); *Heglemeier v. State*, 111 Nev 1244, 1250–51, 903 P.2d
   799, 803–04 (1995). The district court therefore did not err in denying this
8  claim without an evidentiary hearing.

9  Order of Affirmance, Exh. 16, p. 7 (ECF No. 13-16, p. 8).

10          This Court, therefore, finds that Hobson did present the claim in Ground 2F to the

11 Nevada Supreme Court, and that it has been exhausted in state court. The Court will

12 deny Respondents' motion to dismiss with respect to Ground 2F.

13      **F.     Ground 3**

14          In Ground 3, Hobson claims that his federal constitutional rights were violated

15 because "[t]he State and/or Mr. Johns's attorney committed misconduct in connection

16 with Mr. Johns's testimony." Third Amended Petition for Writ of Habeas Corpus (ECF

17 No. 22), pp. 37–38. Respondents argue that the claim in Ground 3 is unexhausted in

18 state court. *See* Motion to Dismiss (ECF No. 24), p. 10. Hobson concedes as much.

19 *See* Opposition to Motion to Dismiss (ECF No. 31), p. 14 ("Mr. Hobson agrees this claim

20 is unexhausted.").

21          With respect to this claim, Hobson goes on to argue as follows:

22          The Nevada state courts might conceivably consider this claim in an
   otherwise untimely and successive petition because it relies on new
23 evidence—a declaration from Mr. Johns signed on March 29, 2021.
   Because this claim wasn't reasonably available until March 29, the
24 Nevada courts might find good cause for Mr. Hobson to litigate the claim
   now. *See, e.g.*, *Clem v. State*, 119 Nev. 615, 621, 81 P.3d 521, 525
25 (2003) (explaining that if "the factual or legal basis for a claim was
   not reasonably available at the time of any default," the petitioner may be
26 able to raise the new claim in an otherwise untimely and successive
   petition). For that reason, Mr. Hobson will likely seek a stay of these
27 federal proceedings so he can litigate Ground Three in state court.

28 *Id*. at 14–15.

With respect to the unexhausted claim in Ground 3, then, the Court will require Hobson to make an election, to either abandon the claim or move for a stay of this action so that he may return to state court to exhaust the claim. If Hobson does not elect one of those options within the time allowed, this action will be dismissed in its entirety pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**. The Court determines that the claim in Ground 3 of Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 22) is unexhausted in state court, and the Court will require Petitioner to make an election with respect to that unexhausted claim as described below; in all other respects, Respondents' Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** that, within 20 days from the date of this order, Hobson must file either: (1) a notice stating that he abandons Ground 3 of his third amended habeas petition, or (2) a motion for a stay of this action while he exhausts the claim in Ground 3 in state court. If Hobson takes neither of those actions within the time allowed, this action will be dismissed in its entirety pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if Petitioner abandons Ground 3 of his third amended habeas petition, Respondents will have 90 days from the filing of the notice of abandonment of that claim to file an answer, responding to all Petitioner's remaining claims.

**IT IS FURTHER ORDERED** that, if Petitioner files a motion for stay, Respondents will have 20 days to respond to that motion, and then Petitioner will have 15 days to file a reply.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered July 15, 2020 (ECF No. 11) will remain in effect.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 32) is **DENIED**.

DATED THIS __3__ day of __January__, __2022__.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE