UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY HOBSON,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>JERRY HOWELL, *et al.*,<br><br>　　　Respondents. | Case No. 2:20-cv-00503-KJD-NJK<br><br>**ORDER** |

　　　This action is a petition for a writ of habeas corpus by Tony Hobson, an individual incarcerated at Nevada's Southern Desert Correctional Center. Hobson is represented by appointed counsel. Respondents filed a motion to dismiss on May 11, 2021 (ECF No. 24), contending that certain claims in Hobson's third amended habeas petition are unexhausted in state court. With his response to the motion to dismiss, Hobson filed a motion for leave to conduct discovery (ECF No. 32).

　　　On January 3, 2022, the Court granted Respondents' motion to dismiss in part and denied it in part, and the Court denied Hobson's motion for leave to conduct discovery (ECF No. 38). The Court determined that one of Hobson's claims for habeas corpus relief, Ground 3 of his third amended habeas petition (ECF No. 22), is unexhausted in state court (ECF No. 38, pp. 9–10). Regarding that claim, the Court ordered that Hobson was to make an election, to either abandon Ground 3 and proceed with the litigation of his remaining claims, or, alternatively, file a motion for stay, requesting a stay of these proceedings while he exhausts Ground 3 in state court.

　　　On March 9, 2022, Hobson filed a motion for stay (ECF No. 43). The respondents did not respond to that motion (*see* ECF No. 38, p. 10 (20 days to respond to motion for stay)).

1

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78.

In his motion for stay, Hobson asserts—with no response by Respondents—that there is good cause for his failure to litigate Ground 3 previously because the claim depends on new information, which was withheld by the prosecution and which was previously unavailable (ECF No. 43 at 3); Hobson also asserts that the claim is not plainly meritless, and that he is not intentionally engaging in a delay tactic (*id*. at 4–6). *See* LR 7-2 ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

The Court will grant Hobson's motion for stay and will stay this action pending the completion of further state-court proceedings. The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Hobson's exhaustion of claims in state court. Hobson must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay Case and Hold in Abeyance (ECF No. 43) is **GRANTED**. This action is stayed. The stay will remain in effect while petitioner exhausts, in state court, his unexhausted claims for habeas corpus relief. The Clerk of the Court is directed to administratively close this case.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's further state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

DATED THIS 4th day of April, 2022.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE