UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY HOBSON,

    Petitioner,

v.

RONALD OLIVER, *et al.*,

    Respondents.

Case No. 2:20-cv-00503-KJD-NJK

**ORDER**

    This action is a petition for a writ of habeas corpus by Tony Hobson, an individual incarcerated at Nevada's Southern Desert Correctional Center. Hobson is represented by appointed counsel, the Federal Public Defender for the District of Nevada (FPD). With the benefit of appointed counsel, Hobson filed a first amended petition on October 1, 2020 (ECF No. 12), a second amended petition on December 4, 2020 (ECF No. 16), and a third amended petition on April 2, 2021 (ECF No. 22). The respondents filed a motion to dismiss Hobson's third amended petition, arguing that certain of his claims were unexhausted in state court. ECF No. 24. The Court ruled on the motion to dismiss on January 3, 2022. ECF No. 38. Regarding one of Hobson's claims—Ground 3—the Court ruled the claim unexhausted in state court and required Hobson to make an election, to either abandon the claim or move for a stay of this action so that he could return to state court to exhaust the claim. *Id*. at 10. Hobson filed a motion for stay on March 9, 2022. ECF No. 43. The Court granted that motion on April 4, 2022, and stayed this case pending completion of Hobson's further state-court habeas action. ECF No. 44. The order staying the case stated that "following the conclusion of Petitioner's further state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action." *Id*. at 3.

    On April 4, 2024, Hobson filed a Motion to Reopen (ECF No. 46), requesting that the stay be lifted, and on that same date the FPD filed a Motion to Withdraw (ECF No. 47),

requesting that they be discharged from their representation of Hobson in this case. The respondents filed notices (ECF Nos. 48, 49) stating that they do not oppose the Motion to Reopen or the Motion to Withdraw. The Court will deny both motions, without prejudice.

In the Motion to Reopen, Hobson informs the Court:

> Mr. Hobson filed a petition in state court raising Ground Three. The state district court held a two-day evidentiary hearing on the petition on October 5, 2023, and October 12, 2023. It made an oral ruling expressing its intent to deny the petition on November 15, 2023. The state district court has yet to enter a formal written order denying the petition. The proceedings therefore remain pending in state court.
>
> At this point, Mr. Hobson has elected to abandon Ground Three in state and federal court. Once the state district court enters a written order denying the petition, Mr. Hobson doesn't intend to appeal that decision to the Nevada Supreme Court. Instead, he is seeking to reopen this case now and proceed forward on the remaining, exhausted claims for relief.

ECF No. 46 at 2. So, the bottom line is that the state-court habeas action has not been completed. The motion to lift the stay is premature. The stay will not be lifted until the state-court action is completed. The Court will deny the Motion to Reopen without prejudice to Hobson filing a new motion to lift the stay of this case when appropriate.

In the Motion to Withdraw, the FPD states:

> During [the evidentiary hearing in state court], a situation arose that prompted counsel to file a motion to withdraw as Mr. Hobson's attorney in the state district court on October 11. However, one of the state district court's local rules appears to prevent attorneys from withdrawing in the middle of an evidentiary hearing. Eighth Jud. Dist. Ct. L. R. 7.40(c). The state district court denied the motion, and counsel proceeded with the evidentiary hearing.
>
> \* \* \*
>
> Counsel respects the state district court's decision to deny the state court motion to withdraw. However, counsel nevertheless suggests the situation that occurred during the state evidentiary hearing supports permissive withdrawal under the Nevada Rules of Professional Conduct and this Court's local rules. Counsel maintains the situation has impacted the attorney-client relationship to the degree that the appointment of new counsel is warranted and would best serve Mr. Hobson's interests.
> However, if the Court denies the motion, counsel will be prepared to continue representing Mr. Hobson in this case.

ECF No. 47 at 2. As this case will remain stayed, and inactive, until the conclusion of the state-court habeas action, there is no showing of any need for counsel to withdraw at this time.

Counsel has not provided sufficient information regarding the alleged conflict between counsel and their client to support withdrawal. Furthermore, there is no indication that counsel served Hobson with the Motion to Withdraw, and the Court has not heard from Hobson regarding the motion. *See* LR IA 11-6(b). The Court will deny the Motion to Withdraw, without prejudice to counsel filing a new motion requesting withdrawal, in conjunction with Hobson's motion to lift the stay, or after the stay has been lifted, if counsel then believes such to be warranted.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reopen (ECF No. 46) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's counsel's Motion to Withdraw (ECF No. 47) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Ronald Oliver is substituted for Jerry Howell as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 23rd day of April 2024.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE