UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY HOBSON,

    Petitioner,

v.

RONALD OLIVER, *et al.*,

    Respondents.

Case No. 2:20-cv-00503-KJD-NJK

**ORDER**

This habeas corpus action is brought under 28 U.S.C. § 2254 by Tony Hobson, an individual incarcerated at Nevada's Southern Desert Correctional Center. Hobson is represented by appointed counsel. The respondents move to dismiss certain claims in Hobson's fourth amended petition for writ of habeas corpus, arguing that five of his claims are barred by the statute of limitations, and that two of his claims are unexhausted in state court and/or procedurally defaulted. As is explained below, the Court denies the motion to dismiss.

**Background**

After a jury trial in May 2016, Hobson was convicted in Nevada's Eighth Judicial District Court (Clark County) of crimes related to a series of robberies and an attempted robbery at several restaurants and a convenience store in October and November of 2014; Hobson's convictions include twelve counts of burglary with use of a deadly weapon, 35 counts of robbery with use of a deadly weapon, thirteen counts of conspiracy to commit robbery, two counts of attempted robbery, one count of false imprisonment with use of a deadly weapon, two counts of second degree kidnapping with use of a deadly weapon, five counts of false imprisonment, and one count of attempted robbery with use of a deadly weapon. ECF Nos. 13-3; ECF No. 13-7 at 2; 13-8. In its opinion on

Hobson's direct appeal, the Nevada Supreme Court described the background of the case as follows:

> Between October 28 and November 24, 2014, [Hobson] participated in a series of late-night robberies of fast food restaurants. [Footnote: While Hobson disputes the sufficiency of the evidence on several counts related to this series of robberies, he does not dispute the evidence of his involvement in the robberies generally.] Some commonalities of the robberies were that two individuals wore surgical masks and commonly used a small orange-handled hatchet to gain entry into the restaurants. The individuals would force the employees to remain in the restaurant, identify the manager of the restaurants, and demand that the manager give them money from the restaurants' safes at gunpoint or knifepoint. In addition to (or in lieu of) money from the safes, the individuals sometimes stole employees' phones.
>
> On November 25, 2014, a police officer identified a vehicle parked at a Taco Bell as the suspect vehicle in the preceding robbery series. Three individuals, including Hobson, sat in the vehicle. The officer saw one individual exit the car from the rear passenger seat wearing a surgical mask and black windbreaker. After conducting a felony stop, the officer discovered surgical masks, a small orange-handled hatchet, and a gun in the trunk of the vehicle. A grand jury indicted Hobson on 82 criminal counts related to the robberies and attempted robbery, and the jury found him guilty on 71 counts.

ECF No. 13-7 at 2–3. Hobson was sentenced to an aggregate of 39 to 152 years in prison. ECF No. 58 at 21. The original judgment of conviction was filed on September 20, 2016 (ECF No. 13-2), and a first amended judgment of conviction was filed on January 9, 2017 (ECF No. 13-3).

Hobson appealed. ECF No. 13-4 (opening brief). On June 1, 2018, the Nevada Supreme Court affirmed in part and reversed in part. ECF No. 13-7. The court reversed three of Hobson's robbery convictions but affirmed in all other respects. *See id*. at 11. Hobson did not petition the United States Supreme Court for certiorari.

On remand, the trial court amended the judgment of conviction three more times. The second amended judgment of conviction was filed on June 28, 2018 (ECF No. 13-8); the third amended judgment of conviction was filed on January 7, 2019 (ECF No. 13-10); the fourth amended judgment of conviction was filed on March 12, 2020 (ECF No. 13-18).

On November 13, 2018, Hobson filed a *pro se* petition for writ of habeas corpus in the state district court. ECF No. 13-9. The state district court denied the petition in an

order filed on March 25, 2019. ECF No. 13-14. Hobson appealed. ECF No. 13-15 (Hobson's informal brief). The Nevada Supreme Court affirmed on January 24, 2020. ECF No. 13-16. The remittitur issued on February 18, 2020. ECF No. 13-17.

Hobson then initiated this federal habeas corpus action. The Court received Hobson's *pro se* habeas petition for filing on March 11, 2020. ECF No. 7. Hobson does not state in the petition the date on which he mailed it to the Court. *See id*. at 1.

The Court appointed counsel for Hobson (ECF No. 6), and with counsel Hobson filed a first amended petition on October 1, 2020 (ECF No. 12), a second amended petition on December 4, 2020 (ECF No. 16), and a third amended petition on April 2, 2021 (ECF No. 22).

The respondents filed a motion to dismiss on May 11, 2021, arguing that certain claims in the third amended petition were unexhausted in state court. ECF No. 24. On January 3, 2022, the Court granted that motion in part and denied it in part. ECF No. 38. The Court determined that one of Hobson's claims (Ground 3 of his third amended petition) was unexhausted in state court, and the Court required Hobson to make an election, to either abandon the claim or move for a stay of this action so that he could return to state court to exhaust the claim before proceeding. *Id*. Hobson filed a motion requesting a stay (ECF No. 43), the respondents did not oppose the motion, and the Court granted the motion and stayed the case on April 4, 2022. ECF No. 44.

On March 9, 2022, Hobson filed a second state habeas petition, asserting what was Ground 3 of his third amended federal petition. ECF No. 64-7. After holding an evidentiary hearing, the state district court denied the petition in a written order filed on July 18, 2024. ECF No. 64-26. Hobson did not appeal from that ruling. *See* ECF No. 46 at 2; 52 at 2. Rather, Hobson abandoned the claim raised in the second state habeas action, which was Ground 3 in third amended petition in this action. *See* ECF No. 46 at 2; 52 at 2;l ECF No. 58 at 23. The stay of this action was then lifted on September 3, 2024. ECF No. 55.

      Hobson filed a fourth amended petition for writ of habeas corpus on October 8, 2024. ECF No. 58. In his fourth amended petition—his operative petition—Hobson omits the claim that was Ground 3 in his third amended petition; he asserts the following claims of violations of his federal constitutional rights:

| | | |
|---|---|---|
| Ground 1 | - | "The police provided material false testimony about how they broke the case." |
| Ground 2 | - | Hobson's trial counsel provided ineffective assistance. |
|    A | - | "The attorney failed to pursue discovery regarding the police investigation." |
|    B | - | "The attorney failed to exclude the police crime lab's original DNA report." |
|    C | - | "The attorney failed to present evidence the phones found in Ms. Rankin's apartment weren't stolen." |
|    D | - | "The attorney failed to call Detective Flynn regarding the receipts supposedly found at Ms. Rankin's apartment." |
|    E | - | "The attorney omitted a winning argument from the pre-trial petition for a writ of habeas corpus." |
|    F | - | The attorney failed to request a complete instruction on accomplice testimony." |
|    G | - | "The attorney failed to file a pre-trial motion to sever counts 22, 23, 24, 25, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 51." |
| Ground 3 | - | "The State presented insufficient evidence to convict Mr. Hobson of kidnapping or its lesser included offenses." |

*Id*.

      Respondents filed the motion to dismiss now before the Court on March 17, 2025. ECF No. 65. Respondents argue in the motion that Grounds 2A, 2B, 2C, 2E and 2G are barred by the statute of limitations and that Grounds 1 and 2G are unexhausted in state court and/or procedurally defaulted. *Id*. Hobson filed an opposition to the motion to dismiss on July 28, 2025 (ECF No. 70), and Respondents filed a reply on September 25, 2025 (ECF No. 73).

## Discussion

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) includes a one-year statute of limitations for federal habeas petitions brought by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 244(d)(1). The one-year limitations period begins to run from the latest of four possible triggering dates, the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. The one-year limitations period is tolled while a "properly filed" state post-conviction action or other collateral review proceeding is pending. 28 U.S.C. § 2244(d)(2). The limitations period resumes when the post-conviction judgment becomes final upon issuance of the state appellate court's remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(c), the petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely filed petition. A claim relates back if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the earlier petition. Fed. R. Civ. P. 15(c)(1)(B). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained that Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

In this case, Hobson is in custody pursuant to the fourth amended judgment of conviction filed on March 12, 2020 (ECF No. 13-18). That fourth amended judgment of conviction—much like the first, second and third amended judgments of conviction (ECF Nos. 13-3, 13-8, 13-10)—was apparently filed to accurately set forth Hobson's sentence. *See* ECF No. 65 at 4–6. Hobson did not appeal from the fourth amended judgment of correction, and his time to do so ended on April 11, 2020, so the AEDPA limitations

period commenced to run on April 12, 2020. *See Smith v. Williams*, 871 F.3d 684, 687–88 (9th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)).

   Respondents assert that the filing of the second amended judgment of conviction, and the passing of the time for Hobson to appeal from the second amended judgment of conviction, should be considered to have triggered the commencement of the running of the AEDPA limitations period. ECF No. 65 at 11; ECF No. 73 at 3, citing *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). Respondents argue, citing *Gonzalez*, that the second amended judgment of conviction was an intervening judgment, resulting in a new triggering date for the AEDPA limitations period, because it resulted in a "change of Hobson's sentence." ECF No. 73 at 3. Respondents quote the following language from *Gonzalez*: "[A] change to a defendant's sentence is a change to his judgment" and "such an alteration constitutes a new, intervening judgment." *Id*. But why should that not apply to the third and fourth amended judgments as well? Respondents provide no analysis showing why the third and fourth amended judgments of conviction, which, like the second amended judgment of conviction, made alterations to the statement of Hobson's sentence consistent with the Nevada Supreme Court's ruling, should not also be treated as intervening judgments of conviction triggering new commencement dates for the AEDPA limitations period. In the Statement of the Case part of their motion to dismiss, in stating the procedural background of the case, Respondents mention the third and fourth amended judgments of conviction; Respondents describe those as mere corrections of clerical errors. *See* ECF No. 65 at p. 6. But "corrections" or not, and "clerical" or not, the third and fourth amended judgments of conviction, *changed the statement of Hobson's sentence*. And, again, as stated in *Gonzalez*: "The Supreme Court has directed that '[t]he sentence *is* the judgment' in a criminal case…. As such, a change to a defendant's sentence is a change to his judgment." (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) and *Berman v. United States*, 302 U.S. 211, 212 (1937)) (emphasis in original). So, the Court determines that the fourth amended judgment of conviction, filed March 12, 2020, constituted an intervening judgment, correctly setting forth Hobson's sentence, and

1  that it—not the preceding versions of the judgment of conviction—is the judgment under
2  which Hobson is held in custody. As such, it is the fourth amended judgment of conviction
3  that triggered the running of the AEDPA limitations period, starting on April 12, 2020, the
4  day after the time to appeal from the fourth amended judgment expired, and the AEDPA
5  limitations period ran out a year later, on April 12, 2021.
6        Therefore, Hobson's original federal habeas petition (ECF No. 7, submitted for
7  filing March 11, 2020), his first amended petition (ECF No.12, filed October 1, 2020), his
8  second amended petition (ECF No. 16, filed December 4, 2020) and his third amended
9  petition (ECF No. 22, filed April 2, 2021) were timely filed. Hobson's fourth amended
10 petition (ECF No. 58, filed October 8, 2024) was filed long after the AEDPA limitations
11 period ran out.
12       So, the statute of limitations analysis comes down to whether Grounds 2A, 2B, 2C,
13 2E and 2G of Hobson's fourth amended petition relate back to his original, first amended,
14 second amended, or third amended petition.
15       With respect to Grounds 2A, 2B, 2C and 2E, it is obvious those claims relate back;
16 the same claims were asserted in Hobson's timely third amended petition. *Compare* ECF
17 No. 58, pp. 26–31, 34–35, with ECF No. 22, pp. 26–31, 34–35.
18       Ground 2G is different. Ground 2G is a claim that his trial counsel was ineffective
19 for failing to file a pre-trial motion to sever counts 22, 23, 24, 25, 33, 34, 35, 36, 37, 38,
20 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51. ECF No. 58 at 37–39. Hobson did
21 not assert Ground 2G in his third amended petition, or in his second amended petition for
22 that matter. *See* ECF Nos. 16, 22. Hobson points out, though, that he did state the
23 following in his first amended petition:

> Separately, trial counsel should've moved to sever some of the charges. Assuming any of the evidence was compelling, the evidence supporting some of the charges was much stronger than the evidence supporting other charges. For example, Mr. Johns testified he participated in specific robberies with Mr. Hobson and Mr. Starr. The evidence supporting those charges was stronger than the evidence supporting the other charges. For those reasons and others, it violated Mr. Hobson's

federal constitutional and state statutory rights to join all the charges in a single trial, and trial counsel should've attempted to sever the weaker charges.

ECF No. 12 at 10; *see also* ECF No. 70 at 10–11. The Court determines that this assertion of error on the part of trial counsel arises from the same core facts as Ground 2G, and that Ground 2G therefore relates back to the timely first amended petition.

In the motion to dismiss, in stating the general rules governing application of the AEDPA statute of limitations, Respondents state:

> As a general rule, when the petitioner files an amended petition, the amended petition supersedes the original petition, and the court treats the claims in the original petition as waived. *See* Local Rule 15-1(a) (noting an amended petition supersedes an original petition in its entirety); *Cf. Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (finding claims that petitioner voluntarily dismissed as waived if not re-pled in an amended pleading).

ECF No. 65 at 10–11. But neither Local Rule 15-1(a) nor the *Lacey* case (a civil rights action brought under 42 U.S.C. section 1983) speaks to the question of relation back of an amended petition to a prior, superseded amended petition for purposes of application of the statute of limitations in a habeas case. Respondents cite no authority for the proposition that Ground 2G of Hobson's fourth amended petition cannot relate back to his timely first amended petition because the first amended petition was superseded by the second, third, and fourth amended petitions.

The Court, then, determines that Grounds 2A, 2B, 2C, 2E and 2G relate back to timely-filed petitions and therefore are not barred by the statute of limitations. The Court denies Respondents' motion to dismiss to the extent it is grounded on the statute of limitations.

**Exhaustion and Procedural Default**

Next, Respondents contend that Grounds 1 and 2G are unexhausted in state court and/or procedurally defaulted. ECF No. 65 at 14–17.

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies for all claims raised. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). A petitioner must give the state

8

courts a fair opportunity to act on each claim before presenting it in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. That is, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

A federal court will not review a claim for habeas corpus relief if the state court's denial of relief on the claim rested—or would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of such a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id*. at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996). And the state rule cited must have been "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the

courts a fair opportunity to act on each claim before presenting it in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. That is, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

A federal court will not review a claim for habeas corpus relief if the state court's denial of relief on the claim rested—or would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The *Coleman* Court stated the effect of such a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. *Id*. at 729–30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995), *cert. denied*, 517 U.S. 1150 (1996). And the state rule cited must have been "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the

state procedural rule. *See Murray*, 477 U.S. at 488. The external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To demonstrate prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

      Ineffective assistance of postconviction counsel, or lack of postconviction counsel, may serve as cause with respect to a claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012). "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*). Nevada law requires prisoners to raise ineffective assistance of counsel claims for the first time in a state petition seeking postconviction review, which is the initial collateral review proceeding for the *Martinez* rule. *See Rodney v. Filson*, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

      In Ground 1, Hobson claims that "[t]he police provided material false testimony about how they broke the case." ECF No. 58 at 24. His claim is made under *Brady v. Maryland*, 373 U.S. and *Napue v. Illinois*, 360 U.S. 264 (1959). *See id*. at 25. Respondents point out that on the appeal in Hobson's state habeas action, the Nevada Supreme Court ruled that the claim in Ground 1 in this case was procedurally barred because it "should have been raised, if at all, on direct appeal," and that Hobson did not make a showing to overcome the procedural bar. ECF No. 65 at 14–15; *see also* ECF No. 13-16 at 11. Therefore, Respondents argue, Ground 1 is procedurally defaulted. ECF No. 65 at 14–15. Hobson argues in response that the procedural bar applied by the

Nevada Supreme Court was inadequate to support a procedural default because Nevada law allows petitioners to raise *Brady* claims for the first time in postconviction habeas petitions, particularly where the withheld evidence that is at issue was not part of the trial record. ECF No. 70 at 13–19, citing *State v. Huebler*, 128 Nev. 192, 196–97, 275 P.3d 91, 94–95 (2012); *Moore v. State*, 134 Nev. 262, 264–654, 17 P.3d 356, 360 (2018); *Browning v. State*, 120 Nev. 347, 369–70, 91 P.3d 39, 54–56 (2004). Hobson argues that there is no clear, consistently applied, well-established rule requiring Nevada prisoners to raise *Brady* claims only on direct appeal. ECF No. 70 at 19, citing *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005). The Court agrees. NRS 34.810(b)(2), as applied by the Nevada Supreme Court in this case to bar consideration of this *Brady/Napue* claim, was inadequate to support Respondents' procedural default defense. The Court will deny the motion to dismiss Ground 1.

      Ground 2G, again, is a claim that Hobson's trial counsel was ineffective for failing to file a pre-trial motion to sever counts 22, 23, 24, 25, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51. ECF No. 58 at 37–39. Respondents contend in their motion to dismiss that Hobson did not exhaust Ground 2G in state court. ECF No. 65 at 15–17. Hobson apparently concedes that he did not present the claim in state court and that it is now technically exhausted but subject to the procedural default doctrine, and he goes on to argue that he can overcome the procedural default under *Martinez*. ECF No. 70 at 19–23. In their reply, Respondents argue that Hobson will not be able to overcome the procedural default under *Martinez*, but they also argue that the issue is inextricably interwoven with the merits of the underlying claim and its resolution should be deferred until the parties brief the merits of the claim. ECF No. 73 at 7–8. The Court agrees, and determines that Ground 2G is subject to the procedural default doctrine, but that the issue whether Hobson can overcome the procedural default under *Martinez* should be deferred until the briefing of the merits of the claim. The Court will, therefore, deny the motion to dismiss Ground 2G as procedurally defaulted, without prejudice to Respondents raising the procedural default defense as to that claim in their answer.

**Conclusion**

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have **60 days** from the entry of this order to file an answer. In all other respects, the schedule for further proceedings set forth in the scheduling order entered September 3, 2024 (ECF No. 55) will remain in effect.

DATED THIS <u>28th</u> day of <u>October</u>, 2025.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE